IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff<br>v.<br><br>FEDERAL EXPRESS CORPORATION<br><br>    Defendant | CIVIL ACTION NO. 24-cv-3559<br><br>JURY TRIAL DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, to correct unlawful employment practices and to provide appropriate relief to Wendy Gulley, Dawn Kerr, Anthony Buckner, and a class of other qualified Ramp Transport Drivers with disabilities ("Aggrieved Individuals") who were affected by such practices. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") alleges that, since at least November 29, 2019 to the present, Defendant Federal Express Corporation ("FedEx") violated the ADA when it enforced a policy prohibiting Ramp Transport Drivers ("RTDs") from working if they had any medical restrictions and, pursuant to that policy, failed to provide the Aggrieved Individuals reasonable accommodations and instead placed them on unpaid leave and/or discharged them in violation of 42 U.S.C. § 12112(a) and § 12112(b)(5). Additionally, the policy prohibiting RTDs with any restrictions from working was a qualification standard or other selection criterion that screened out or tended to screen out the Aggrieved Individuals because of their disabilities and is not job related and consistent with business necessity, in violation of 42 U.S.C. § 12112(b)(6).

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to §107(a) of the ADA, 42 U.S.C. § 12117(a) which incorporates by reference sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 194 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed, in part, within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. 12117(a), which incorporates 42 U.S.C.§ 2000e-5(f)(1) and (3) by reference, and under Title VII by sections 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant FedEx has continuously been doing business in the State of Minnesota and has continuously had more than 500 employees.

5. At all relevant times, FedEx has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), which incorporates Sections 701(g) and (h) of Title VII, 42 U.S.C. 2000e(g) and (h) by reference.

6. At all relevant times, FedEx has been a covered entity under Section 101(2) of the ADA. 42 U.S.C. § 12111(2)

7. FedEx is or was the employer of the Aggrieved Individuals.

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, Gulley filed a charge of discrimination with EEOC alleging, in part, violations of the ADA by FedEx.

9. On January 31, 2024, EEOC issued a Letter of Determination on Gulley's charge finding reasonable cause to believe that FedEx violated the ADA.

10. EEOC invited FedEx to join with EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

11. EEOC engaged in communications with FedEx to provide it the opportunity to remedy the discriminatory practices described in the Letter of Determination.

12. By letter dated March 20, 2024, EEOC issued to FedEx a Notice of Failure of Conciliation advising FedEx that EEOC was unable to secure from FedEx a conciliation agreement acceptable to EEOC.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTUAL BACKGROUND

14. Since at least November 29, 2019 to the present, FedEx implemented a policy ("100% healed policy") whereby RTD drivers with any medical restrictions are not provided with reasonable accommodations and are instead placed on unpaid medical leave and/or terminated.

15. When FedEx learns that an RTD has medical restrictions, FedEx places that RTD on a Temporary Restricted Work ("TRW") assignment, which typically lasts 90 days. During the TRW period, FedEx generally assigns light duty to the RTD with restrictions consistent with his or her limitations.

16. Following the expiration of the TRW period, if the RTD still had medical restrictions, FedEx places the RTD on unpaid medical leave.

    a. FedEx does not allow the RTD to return to work from their unpaid medical leave period unless and until he or she no longer has medical restrictions.

    b. During the unpaid medical leave period, FedEx does not consider any reasonable accommodations for an RTD who has any medical restrictions to permit them to return to work.

    c. During the medical leave period, FedEx does not assign the RTD light duty work.

    d. During the unpaid medical leave, FedEx does not hold the RTD's position open.

17. Gulley, Buckner, and Kerr worked for FedEx as RTDs.

    a. Gulley worked in a FedEx facility in Minneapolis, Minnesota.

    b. Buckner worked in a FedEx facility in Kansas City, Missouri.

    c. Kerr worked in a FedEx facility in Las Vega, Nevada.

18. Gulley, Buckner, and Kerr had physical impairments that substantially limited one or more major life activities and/or had a record of such impairments.

    a. Gulley sustained injuries to her hip, back, and Achilles' tendon, and was diagnosed with chronic low back pain and pain in the thoracic spine. As a result of these impairments, Gulley was substantially limited in one or more major life activities, including but not limited to, lifting.

    b. Buckner sustained a spinal fracture resulting from a workplace injury. As a result of this impairment, he was substantially limited in one or more major life activities, including but not limited to, lifting.

  c. Kerr sustained a fractured vertebra resulting from a workplace injury. As a result of this impairment, she was substantially limited in one or more major life activities, including but not limited to, lifting.

19. Gulley, Buckner, and Kerr worked as RTDs for several years, and were qualified to perform the essential functions of the RTD position with or without reasonable accommodations while their medical restrictions were in place.

20. Gulley, Buckner and Kerr informed FedEx of their medical limitations and FedEx placed them on TRW assignments.

21. Following the expiration of their TRW assignments, and pursuant to its 100% healed policy, FedEx placed Gulley, Buckner, and Kerr on unpaid medical leave.

22. On November 29, 2019, pursuant to its 100% healed policy, FedEx placed Gulley on unpaid medical leave.

23. FedEx placed Buckner on two periods of unpaid leave following the expiration of his TRW because Buckner had medical restrictions.

24. From November 11, 2022, through the present, FedEx placed Kerr on unpaid medical leave because Kerr had medical restrictions. Kerr remains on unpaid medical leave.

25. During their unpaid medical leaves, FedEx did not permit Gulley, Buckner, or Kerr to return to work because they had medical restrictions.

26. Gulley, Buckner, and Kerr requested that FedEx provide them with reasonable accommodations related to loading or unloading freight.

27. FedEx did not engage in an interactive process with Gulley, Buckner, or Kerr to find reasonable accommodations for them.

28. During their unpaid medical leave, FedEx did not provide Gulley, Buckner, and Kerr with reasonable accommodations.

29. On April 11, 2021, because of her disability and as a result of its 100% healed policy, FedEx terminated Gulley.

## STATEMENT OF CLAIMS

30. The Aggrieved Individuals are disabled under 42 U.S.C. §12102(1).

31. The Aggrieved Individuals were qualified to perform the essential functions of the RTD role with or without reasonable accommodations.

32. Since at least November 29, 2019, FedEx has violated 42 U.S.C. §12112(a) by placing the Aggrieved Individuals on unpaid medical leave and/or terminating them on the basis of disability.

33. Since at least November 29, 2019, FedEx has violated 42 U.S.C. §12112(b)(5)(A)-(B) by failing to provide the Aggrieved Individuals with reasonable accommodations, including but not limited failing to provide the Aggrieved Individuals with the use of equipment or devices to assist with lifting; failing to provide assistance from other employees or reassigning non-essential functions of the position to other employees; failing to consider the RTDs for reassignment to other positions; and failing to provide other modifications or adjustments to the manner under which the RTD position is customarily performed to permit the Aggrieved Individuals to perform the RTD position; and instead placing the Aggrieved Individuals on unpaid medical leave and/or terminating them.

34. Since at least November 29, 2019, FedEx has violated 42 U.S.C. §12112(b)(6) by implementing the 100% healed policy in a manner that screened out the Aggrieved Individuals and

tended to screen out individuals with disabilities. The 100% healed policy is not job related and consistent with business necessity.

35. Each of the unlawful employment practices complained of above was intentional.

36. Each of the unlawful employment practices complained of above was done with malice or with reckless indifference to the Aggrieved Individuals' federally protected rights.

## **PRAYER FOR RELIEF**

Wherefore, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining FedEx, its officers, agents, servants, employees, subsidiaries, attorneys, and all persons acting in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order FedEx to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order FedEx to make the Aggrieved Individuals whole by providing appropriate backpay and prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including reinstatement.

D. Order FedEx to make Aggrieved Individuals whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

E. Order FedEx to make the Aggrieved Individuals whole by providing compensation for past and future nonpecuniary losses resulting from the

unlawful practices complained of above, including emotional pain, suffering, humiliation, inconvenience, and mental anguish, in amounts to be determined at trial.

F. Order FedEx to pay the Aggrieved Individuals punitive damages for the intentional, malicious and/or reckless conduct complained of above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

EEOC requests a jury trial on all questions of fact raised by its complaint.

Karla Gilbride
General Counsel
Equal Employment Opportunity Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507

Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov

Ann Henry
Acting Supervisory Trial Attorney
EEOC Chicago District Office
230 S. Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: ann.henry@eeoc.gov
IL Bar No. 6272394

s/ Jonathan Delozano
Jonathan Delozano
Trial Attorney
EEOC Chicago District Office

230 S. Dearborn Street, Ste 2920
Chicago, IL 60604
312-872-9724
Email: jonathan.delozano@eeoc.gov
IL Bar No. 6320524

<u>s/ W. Emma Heo</u>
W. Emma Heo
Trial Attorney
EEOC Chicago District Office
230 S. Dearborn Street, Ste. 2920
Chicago, IL 60604
Email: emma.heo@eeoc.gov
IL Bar No. 6337680